JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Frank Vinson ("Vinson"), appeals from his conviction and sentence in the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} At trial, Alvan Fant, the victim, testified that he was walking down East 156th Street, in Cleveland, heading to the store around 12:30 a.m., when he saw four people walking on the opposite side of the street coming toward him. Two of the four crossed the street and passed by the victim, and the victim turned around to look at them. When he turned back around, the other two were in front of him. They pushed him against the wall and put a gun to him. They searched his pockets and wallet, found nothing, and then left, heading up East 156th Street.
 {¶ 3} The police were stopped by someone and informed of a robbery in progress. The police headed in the specified direction. The police found the victim, got a brief description of the crime and the perpetrators, and then set out to find them. One officer was on foot, and the other remained in the zone car.
 {¶ 4} Four males matching the description given by the victim were spotted by the officer on foot. He shined a flashlight in their direction, and they took off running. They were located a few minutes later hiding under a stairwell of a nearby apartment complex and were apprehended. A gun was found in some bushes within 10 to 15 feet of the four suspects.
 {¶ 5} That same night, the victim identified the four perpetrators in a "cold stand," where the victim remains concealed in a police car and the suspects line up outside. Vinson was identified as the one having the gun. The following day, Vinson told the police detective that the gun was not his, but that his prints may be on it because he may have touched it.
 {¶ 6} Vinson was found guilty after a bench trial. At the sentencing hearing, Vinson's attorney argued that the kidnapping and aggravated robbery charges merged because they were allied offenses of similar import. Vinson was sentenced to a total of six years in prison, three years for the aggravated robbery and three years for the gun specifications. At the hearing, the judge sentenced Vinson on the kidnapping charge but ran the sentence concurrent to the robbery charge and retired to consider and research Vinson's argument regarding merger. In the judgment entry of sentence, the trial court found that "under the facts of this case, Aggravated Robbery and Kidnapping are allied offenses of similar import so that, pursuant to R.C. 2941.25, the offense of Kidnapping merges into the offense of Aggravated Robbery."
 {¶ 7} Vinson appeals, advancing two assignments of error for our review. The first assignment of error reads as follows:
 {¶ 8} "The conviction did not satisfy the standard of proof beyond a reasonable doubt."
 {¶ 9} Under this assignment of error, Vinson challenges the identification. Specifically, he argues that the police work was sloppy and incomplete because the police arrested the first people they saw and a search for potential witnesses was not done. In addition, Vinson claims that the victim was too upset to make a valid identification and that the victim's being nearsighted made him incompetent to testify. Finally, Vinson argues that the evidence did not sufficiently link him to the gun because there were no fingerprints.
 {¶ 10} When an appellate court reviews a record upon a sufficiency challenge, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Leonard, 104 Ohio St.3d 54, 67, 2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 11} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Leonard, 104 Ohio St.3d at 68 (internal quotes and citations omitted).
 {¶ 12} We find unpersuasive, just as the trial court did, Vinson's assertion that the police did sloppy and incomplete work. The whole incident happened in a matter of minutes from the time the victim was held at gunpoint until the time the suspects were in custody and identified by the victim. The police took immediate action from the moment they were informed of a robbery in progress. Four individuals matching the description given by the victim were spotted in close proximity to the location of the crime. No one else was in the area. The four suspects ran from the police and hid. The four were located and taken into custody, and the gun was found nearby. The four suspects were positively identified by the victim within minutes of their arrest.
 {¶ 13} Next, Vinson claims that the victim was too upset to make a valid identification and that his being nearsighted made the victim incompetent to testify. We note that the victim's competency to testify was not questioned and no objection was raised in the lower court; therefore, that issue is waived but for plain error.
 {¶ 14} A review of the record reveals that the victim gave a clear description of the clothing worn by the four individuals and the direction in which they fled. Four individuals were found in that direction, wearing the described clothing. Furthermore, during a "cold stand," the victim pointed out each male and described his role. The victim was wearing his glasses on the night in question, and therefore his nearsightedness was not at issue.
 {¶ 15} Last, Vinson argues that there was insufficient evidence linking him to the gun. "`Circumstantial evidence' is the proof of certain facts and circumstances in a given case, from which the jury may infer other connected facts which usually and reasonably follow according to the common experience of mankind." State v. Duganitz (1991),76 Ohio App.3d 363, quoting Black's Law Dictionary (5 Ed. 1979) 221. The victim stated that Vinson had a gun. A gun was found in close proximity to where Vinson and his buddies were hiding, and Vinson made a statement regarding the gun. Circumstantial evidence sufficiently linked Vinson to the gun.
 {¶ 16} Upon our review, we find that the court did not clearly lose its way and that substantial evidence existed to find all of the essential elements proven beyond a reasonable doubt.
 {¶ 17} Vinson's first assignment of error is overruled.
 {¶ 18} Vinson's second assignment of error reads as follows:
 {¶ 19} "The trial court erred in separately convicting and punishing the defendant for allied offenses of similar import."
 {¶ 20} Vinson is mistaken in his assertion that the trial court failed to merge the two crimes. Although the transcript of the sentencing left this issue unresolved and the first journal entry did not indicate merger, a subsequent journal entry of sentencing merged the kidnapping with the aggravated robbery, thereby convicting Vinson of aggravated robbery with a gun specification. Therefore, Vinson's second assignment of error is overruled as moot.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and McMonagle, J., Concur.